United States v. Reza Olangian

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 5th day of May two thousand twenty.

Present:     ROSEMARY S. POOLER,
             ROBERT D. SACK,
             PETER W. HALL,
                      *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                      *Appellee*,

          v.                                                      18-1123-cr

REZA OLANGIAN,

                      *Defendant-Appellant*.

_____

Appearing for Appellant:     Johnathan I. Edelstein, Edelstein & Grossman, New York, N.Y.

Appearing for Appellee:      Jarrod Schaeffer, Assistant United States Attorney (Mollie Bracewell, Anne M. Skotko, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Preska, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the matter be and it hereby is **AFFIRMED**.

Defendant-Appellant Reza Olangian appeals from the March 14, 2018 judgment in the United States District Court for the Southern District of New York (Preska, *J.*) sentencing him principally to 25 years' imprisonment. Following a jury trial, Olangian was convicted of one count of conspiracy to acquire and transfer anti-aircraft missiles, in violation of 18 U.S.C. §§ 2332g(a)(1), (b)(2), (c)(1), and 3238; one count of attempt to acquire and transfer anti-aircraft missiles, in violation of 18 U.S.C. §§ 2332g(a)(1), (b)(2), (c)(1), 3238 and 2; and one count of conspiracy to violate the International Emergency Economic Powers Act ("IEEPA"), in violation of 50 U.S.C. §§ 3238 and 2. We assume the parties familiarity with the underlying facts, procedural history, and specification of issues for review.

Olangian challenges his conviction on the following grounds: (1) that there was prosecutorial misconduct during trial that warrants reversal because the government improperly elicited from its law enforcement witnesses their belief that Olangian was untruthful during six post-arrest interviews; (2) that Olangian was improperly asked during his cross-examination whether law enforcement agents made up part of their testimony; (3) that it was reversible error for the district court to have given an uncalled-witness charge in its jury instructions; (4) that his Sixth Amendment right to counsel was violated when the court did not permit him to briefly consult with counsel during his redirect examination; and (5) that it was reversible error for the court to have denied his motion for a mistrial after testimony was elicited about a purported previous arms deal not charged in the indictment.

On Olangian's challenges to the testimony of the two law enforcement officers, we do not find that the testimony deprived Olangian of a fair trial. "When a defendant contends that a prosecutor's question rendered his trial fundamentally unfair, it is important as an initial matter to place the remark in context." *Greer v. Miller*, 483 U.S. 756, 765-66 (1987) (internal quotation marks and brackets omitted). Generally, the testimony of government witnesses "cannot be used to direct the jury to trust the Government's judgment rather than its own view of the evidence." *United States v. Aquart*, 912 F.3d 1, 33 (2d Cir. 2018) (internal quotation marks and brackets omitted). But here, unlike in *Aquart*, Olangian's attorney admitted in his opening statement that, during the post-arrest interviews, Olangian told the agents "a story which is not completely true." App'x at 68. In addition, the agents' testimony was limited to describing Olangian's demeanor and lack of candor during his participation in post-arrest interviews, which was separate from his testimony as a trial witness. *See Aquart,* 912 F.3d at 34; *see also Untied States v. Pujana-Mena*, 949 F.2d 24, 33 (2d Cir. 1991) (finding no improper vouching where an agent "testified as to a general DEA policy regarding an informant's veracity . . . after defense counsel had repeatedly suggested that [the agent] had not done enough to corroborate [the informant]'s information").

As to Olangian's second argument, while our precedent forecloses the government from compelling a testifying defendant from stating that a government witness is lying, *see United States v. Richter*, 826 F.2d 206, 209 (2d Cir. 1987), we again consider the question in context. Defense counsel objected to the question before it was answered, and the district court instructed the jury that "a question put to a witness is not itself [] evidence." App'x at 1427. The jury instruction

together with the fact that Olangian never answered the question are sufficient to cure "potential bias posed by the question []." *United States v. McCarthy*, 54 F.3d 51, 56 (2d Cir. 1995).

Third, Olangian argues that the district court erred by giving an uncalled witness charge. But we afford district court judges "considerable discretion" in deciding whether to give a missing witness instruction, *United States v. Gaskin*, 364 F.3d 438, 463 (2d Cir. 2004), and review a refusal to do so for abuse of discretion and actual prejudice*, see United States v. Ebbers*, 458 F.3d 110, 124 (2d Cir. 2006); *United States v. Adeniji*, 31 F.3d 58, 65 (2d Cir. 1994) ("The decision whether to give a missing witness instruction is within the discretion of the trial court, and its failure to give the instruction rarely warrants reversal."). Here, Olangian fails to show that the district court abused its discretion or that he otherwise suffered actual prejudice under these facts.

With respect to his fourth argument, Olangian's constitutional rights were not violated when the district court denied his request to consult briefly with his counsel in the middle of redirect examination. *See Perry v. Leeke*, 488 U.S. 272, 283-84 (1989) ("[A] trial judge has the unquestioned power to refuse or to declare a recess at the close of direct testimony—or at any other point in the examination of a witness . . . .").

Last, we disagree with Olangian that the district court erred when it denied his motion for a mistrial after certain testimony was elicited from a government witness regarding Olangian's uncharged conduct. We review the denial of a motion for a mistrial for abuse of discretion. *United States v. Deandrade*, 600 F.3d 115, 118 (2d Cir. 2010). Trial errors asserted as grounds for a mistrial "that do not affect the substantial rights of the defendant are harmless and do not compel the reversal of a criminal conviction." *United States v. Mussaleen*, 35 F.3d 692, 695 (2d Cir. 1994). Considered in the context of the entire trial record, along with the fact that the testimony was ultimately stricken and the district court subsequently provided a curative instruction, we conclude that any error here was harmless.

We have considered the remainder of Olangian's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3